UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILSON ARNOLDO MIRANDA
MORALES, (A#221-488-555),

Petitioner,

v.

WARDEN CALIFORNIA CITY
DETENTION FACILITY,

Respondent.

No.  1:26-cv-03160-DC-SCR

ORDER

On April 27, 2026, the court received a 28 U.S.C. § 2241 habeas corpus petition along with an emergency motion for the appointment of counsel that were filed by petitioner's next friend, who is not a lawyer.  ECF Nos. 1-2.

Judges in this district have concluded that, though the federal habeas corpus statute permits someone acting in "next friend" status to file a habeas action on behalf of another, the "next friend" cannot proceed pro se.  See Tarasov v. Facility Dir., Mesa Verde ICE Processing Facility, No. 1:26-cv-00450-JLT-EPG (HC), 2026 WL 181554, at *1–2 (E.D. Cal. Jan. 23, 2026) (finding that the petitioner's purported "next friend" could not proceed pro se); Soza v. Warden of Cal. City Det. Facility, No. 1:26-cv-00737-KES-SAB (HC), 2026 WL 237716, at *1–2 (E.D. Cal. Jan. 29, 2026) (same).  The pending pleadings demonstrate petitioner's inability to access the court in his own capacity.  See ECF No. 2 at 2.  Therefore, the court finds that the interests of justice would be served by the appointment of counsel in light of the difficulties that Ms. Cruz

1

has attested to regarding petitioner's access to the federal courts.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.  If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the court hereby authorizes them to serve as *pro hac vice* CJA counsel for petitioner for the duration of the proceedings in this court pursuant to Local Rule 180(b)(1) *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.  If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. § 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the court hereby authorizes said counsel's *pro hac vice* admission to practice before this court for the duration of the proceedings, *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner is provisionally authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

2.  Petitioner's emergency motion to appoint counsel (ECF No. 2) is granted.

3.  Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.

4.  The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention:  Habeas Appointment, along with a copy of the § 2241 petition.

5.  Based on the appointment of counsel, the court sua sponte grants petitioner leave to file an amended § 2241 petition within 21 days from the date of this order.  At the time petitioner files an amended § 2241 application, petitioner shall also file an application to proceed in forma pauperis.

6.  Within 7 days from petitioner's filing, respondent shall file an answer/return to the amended § 2241 application.

7.  Petitioner shall have 3 days from the date of respondent's answer/return to file a reply.

8.  If the parties agree on a different briefing schedule, they may submit a joint proposed order to the court based on their stipulation.

8.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: April 29, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE